IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RACHEL BRUNO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 08-1082 |
| | ) |
| STOWE TOWNSHIP and ROBERT M. PANDER, | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge

## OPINION AND ORDER

### Synopsis

Plaintiff brings claims for violation of her civil rights against defendant Robert M. Pander ("Pander"), a police officer, and Stowe Township (the "Township"), his employer, alleging that Pander charged her with intent to distribute marijuana in order to coerce her to perform sexual favors. Both Defendants have moved to dismiss the Complaint [Docket Nos. 10 and 12]. For the reasons set forth herein, Defendants' motions are granted in part and denied in part.[1]

## I. Applicable Standards

In deciding a motion to dismiss under Fed R. Civ. P. 12(b)(6), all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most

---

[1] The Complaint [Docket No. 1, Ex. G], in this action was originally filed in the Court of Common Pleas of Allegheny County. It was removed to this Court pursuant to 28 U.S.C. §§ 1331 and 1343(3).

1

favorable to the plaintiff. Haspel v. State Farm Mut. Auto. Ins. Co., 2007 WL 2030272, at *1 (3d Cir. July 16, 2007). "The issue is not whether the plaintiff will prevail at the end but only whether [she] should be entitled to offer evidence to support [her] claim." Williams v. Sebek, 2007 WL 790386, at *1 (W.D. Pa. Mar. 14, 2007) (citing Neitzke v. Williams, 490 U.S. 319 (1989)).

**II. Factual Allegations**

On or about May 2005, Pander initiated criminal charges against Plaintiff, charging her with the intent to distribute marijuana in violation of the Pennsylvania Crimes Code. [Complaint, at ¶ 7.] Plaintiff alleges that the charges were initiated by Pander for the purpose of obtaining sexual favors from her in exchange for dropping the charges. [Id. at ¶ 8.] According to Plaintiff, during the course of the pending criminal prosecution, she had various unspecified contacts with Pander "which formed part of the efforts on his part to use the criminal prosecution to obtain sexual favors from [her]." [Id. at ¶9.] On or about March 2006, the criminal charges were withdrawn against Plaintiff. [Id.] With respect to Defendant Township, Plaintiff alleges "upon information and belief" that the Township "failed to adequately train, supervise, regulate and/or monitor its police officers, resulting in the violation of the plaintiff's constitutional rights as more fully set forth herein." Plaintiff asserts claims against Defendants for violation of her Fourth Amendment rights and her rights under the Equal Protection clause of the Fourteenth Amendment by the filing of false and malicious criminal charges against her, when such charges were initiated for the purpose of obtaining sexual favors from her.[2]

---

[2]Paragraph 12 of the Complaint also alleges a violation by the Township of Plaintiff's substantive due process rights. After reviewing the parties' briefs, including Plaintiff's brief, which does not address substantive due process, it appears to me that Plaintiff intended those

2

## III. Defendants' Motions to Dismiss

Both Defendants have moved to dismiss the Fourth Amendment claim on the grounds that "Plaintiff does not allege i) that Officer Pander did not have probable [cause] to charge her with intent to distribute marijuana; ii) that her liberty was restricted in such a way that she was subject to a seizure or iii) that she was innocent of the charges which were brought against her. [Docket Nos. 10 and 12.] Likewise, both Defendants have moved to dismiss the Equal Protection claim on the grounds that Plaintiff has failed to allege that she was treated differently from other similarly situated males. [Id.] The Township further argues that the substantive due process clause of the Fourteenth Amendment does not apply to allegations of malicious prosecution and that the allegations of the Complaint do not meet the pleading requirements for imposing liability on a municipality.

### A. Plaintiff's Fourth Amendment Claim

In order to state a claim for malicious prosecution in violation of the Plaintiff's Fourth Amendment rights, the Plaintiff must demonstrate, *inter alia*, that she suffered a deprivation of liberty consistent with the concept of seizure. See, e.g., Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003). Plaintiff has agreed that "based upon the current record. . .she cannot make out a fourth amendment malicious prosecution claim since she is unable to meet the 'seizure' requirement of such claim." (Pl. Br. at 8.) Accordingly, Defendants' motion to dismiss Plaintiff's claim for malicious prosecution is granted.

### B. Plaintiff's Equal Protection Claim

Plaintiff alleges that Pander's criminal charges against Plaintiff were initiated in order to

---

allegations to address a basis for municipal liability, rather than an additional claim.

3

obtain "sexual favors" from Plaintiff in exchange for dropping those charges. (Complaint, ¶ 8.) Defendants argue that these allegations fail to state a claim under the equal protection clause of the Fourteenth Amendment because Plaintiff did not allege that she was treated differently from similarly situated males. (Pander Br. at 3; Township Br. at 4.)

An equal protection claim may arise where an official uses his governmental authority for the purposes of his own sexual gratification. See SH.A. v. Tucumcari Municipal Schools, 321 F.3d 1285, 1289 (10th Cir. 2003); cf. Ebelt v. County of Ogemaw, 231 F. Supp.2d 563, 570 (E.D. Mich. 2002) ("The Equal Protection Clause protects independent contractors from a public official's attempts to extract sexual favors or sexually harass them in exchange for awarding or not interfering with an existing government contract.") Here, Plaintiff has alleged that Pander, a police officer, used his official authority in an attempt to coerce Plaintiff into granting him sexual favors. While Plaintiff does not expressly state that Pander did not attempt to use his authority to coerce sexual favors from men, it is sufficiently implicit in the Complaint, and requiring an amendment of the Complaint to include that additional allegation would be wasteful.[3]

The sole case relied upon by Defendants, Hiester v. Fischer, 113 F. Supp.2d 742 (E.D. Pa. 2000), does not warrant a different conclusion. In Hiester, the district court was considering motions for *summary judgment*, not a motion addressing the sufficiency of the pleadings. In granting summary judgment for the defendants on the plaintiff's equal protection claim, the district court explained that "[g]iven that the unrebutted evidence of record in this case shows

---

[3] Plaintiff has also indicated in her opposition brief that charges were filed against Pander by the United States, alleging that Pander, "in connection with offers to reduce or eliminate the female persons' criminal exposure, would solicit sexual favors from said female persons." (Pl. Br. at 4.) Given these circumstances, the Court has no doubt that Plaintiff, if required to do so, could allege that similarly situated men were treated differently.

4

that defendant Fischer directed comments concerning their physical appearance to male cadets who were similarly situated in the presence of other cadets, plaintiff has failed to raise a genuine issue of material fact as to whether her sex was a substantial factor in her treatment, or that if plaintiff had been a male, she would not have been treated in a similar manner." 113 F. Supp.2d at 749 (quotations omitted). As the Third Circuit has stated, "[s]tandards of pleading are not the same as standards of proof." Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).

Accordingly, I find that Plaintiff's allegations that criminal charges were initiated against her in order to coerce sexual favors from her state a claim under the Equal Protection Clause.

### C. Municipal Liability

The Township further moves to dismiss the Complaint against it on the grounds that Plaintiff's "blanket assertion that [the Township] is subject to liability" does not set forth a claim for municipal liability under section 1983. [Township Br. at 3.] Plaintiff has alleged that the Township "failed to adequately train, supervise, regulate and/or monitor its police officers, including [Pander], resulting in the violation of the plaintiff's constitutional rights" and "exhibited deliberate indifference to the constitutional rights of its citizens coming into contact with its police officers based upon its failure to adequately train, supervise, and/or otherwise regulate such police officers." [Complaint, at ¶¶ 4, 12.] The Township argues that Plaintiff has failed to provide any facts in support of these bare allegations, as required by the Supreme Court's decision in Bell Atlantic v. Twombly, 127 S. Ct. 1955 (2007). [Township Br. at 1, 3.]

Interpreting Twombly, as well the Supreme Court's subsequent decision in Erickson v. Pardus, 127 S. Ct. 2197 (2007), the Third Circuit has explained that "the notice pleading standard of Rule 8(a)(2) remains intact, and courts may generally state and apply the Rule 12(b)(6)

5

standard, attentive to context and an (sic) showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). Moreover, it has been recognized that detailed information regarding a municipality's internal policies and procedures, and what information the municipality had received with respect to the conduct at issue, is frequently within the sole possession and control of the municipality and would not be available to a plaintiff prior to discovery. See Martinez v. Warner, 2008 WL 2331957, at *12, 15 (E.D. Pa. June 5, 2008) (holding that allegations in complaint were sufficient to state a claim for municipal liability stemming from constitutional violations). Courts in this Circuit have refused to dismiss complaints with allegations similar to those herein. See Kokinda v. Breiner, 557 F. Supp.2d 581, 590 (M.D. Pa. 2008) (holding that "there is no requirement at the pleading stage for Plaintiff to identify a specific policy to survive a motion to dismiss" and that "Plaintiff could, after discovery, prevail on this claim by enunciating the specific policies and demonstrating how they violated his rights."); Savokinas v. Borough of Avoca, 2008 WL 2622904, at *6 (M.D. Pa. June 27, 2008) ("upholding claim against municipality alleging failure to train, explaining that "even after Twombly, courts within this Circuit have not required plaintiffs to allege the specifics of challenged municipal policies and have continued to emphasize the necessity of discovery to reveal these specifics.")

Plaintiff herein has provided notice to the Township of the nature of the constitutional violations at issue, the injury suffered therefrom and that the Township's failure to train, supervise or otherwise regulate such conduct was a cause of the constitutional violation. More specific details of the Township's actions in relation to such conduct cannot be known by

6

Plaintiff without discovery. Accordingly, I find that Plaintiff has adequately stated a claim against the Township under section 1983.

## Conclusion

Based on the foregoing, Defendants' motion to dismiss Plaintiff's claims under the Fourth and Fourteenth Amendments for malicious prosecution are granted, and Defendants' motions to dismiss are denied in all other respects.

## ORDER OF COURT

Having carefully considered Defendants' motions to dismiss [Docket Nos. 10 and 12], and Plaintiffs' opposition thereto [Docket No. 16], it is hereby ORDERED that

(1) Defendants' motions to dismiss Plaintiff's claims under the Fourth and Fourteenth Amendments for malicious prosecution are granted, and

(2) Defendants' motions to dismiss are denied in all other respects; and it is further ORDERED that

(2) a case management conference is scheduled for December 3, 2008 at 1:45 p.m.

BY THE COURT:

/s/Donetta W. Ambrose
Donetta W. Ambrose,
Chief U.S. District Judge